**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARTIN RAFAEL DIAZ-AMEZCUA, AKA Martin Diaz, | No. 15-71040 |
| Petitioner, | Agency No. A088-635-404 |
| v. | MEMORANDUM* |
| JEFFERSON B. SESSIONS, III, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2017**

Before: GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Martin Rafael Diaz-Amezcua, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny the petition for review.

The BIA did not abuse its discretion in denying the motion to reopen based on ineffective assistance of counsel, where Diaz-Amezcua failed to show that his prior counsel's performance was deficient. *See Mohammed*, 400 at 793 (to prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate that counsel failed to perform with sufficient competence and that he was prejudiced by counsel's performance); *Torres-Chavez v. Holder*, 567 F.3d 1096, 1102 (9th Cir. 2009) (counsel's tactical decision was not ineffective assistance of counsel). Contrary to Diaz-Amezcua's contention, the BIA did not rely on unsupported conjecture or make an adverse credibility determination.

The BIA did not abuse its discretion in denying Diaz-Amezcua's motion to reopen to apply for new relief as untimely, where it was filed more than two years after his final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and Diaz-Amezcua failed to establish changed country condition in Mexico to qualify for the regulatory exception to the filing deadline, *see* 8 C.F.R. § 1003.2(c)(3)(ii).

Because these determinations are dispositive, the BIA did not err by not reaching the merits of Diaz-Amezcua's claims for adjustment of status and asylum and related relief. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to reach non-dispositive issues). For the

15-71040

same reason, we do not reach these claims.

**PETITION FOR REVIEW DENIED.**